IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-00279-01-CR-W-DW |
| | ) | |
| MARK L. FLAAEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Magistrate Judge Robert E. Larsen's Report and Recommendation (Doc. 64) ("R&R") regarding Defendant's Motion to Suppress Physical Evidence (Doc. 11). Pursuant to Rule 59(b)(2) of the Federal Rules of Criminal Procedure, Defendant has filed Objections to the R&R, as well as a Motion to Reopen the Suppression Hearing to Permit Defendant to Testify and to Present Evidence and Testimony of Additional Witnesses (Doc. 95).

Defendant raises three specific objections to the R&R. First, Defendant objects to the extent that the Supreme Court's holding in Knights seems to dispose of the "stalking horse" argument. See United States v. Knights, 534 U.S. 112, 122 (2001) (reasonableness of search evaluated under ordinary Fourth Amendment analysis; no basis for examining actual motivations of individual officers). However, apart from a general proposition that the Supreme Court "might ultimately revisit the argument, as that court has done many times in the past, when troubling search and seizure issues are present in a case," Defendant offers no further support for this objection, and in fact concedes that the R&R correctly states the law as to this issue.

Second, Defendant objects "to the R&R conclusion that the record as it stands now demonstrates that sufficient reliable information was available to the probation officer to justify a

search." See United States v. Becker, 534 F.3d 952, 956-57 (8th Cir. 2008) ("reasonable suspicion that the probationer has violated the terms of his probation is sufficient to justify a search"). However, Defendant offers nothing further in support of this conclusory objection.

Third, Defendant objects "to the R&R on grounds that it constitutes an incomplete record in that it is factually deficient and insufficient in content because defendant was not allowed to affirmatively rebut government evidence with his own testimony and that of other defense witnesses." Again, however, Defendant offers nothing to support this argument, as he fails to explain what testimony would have been offered by himself and other witnesses in rebuttal, or how that testimony would have changed the outcome. Defendant further claims that the record includes "numerous mistakes" as well as "outright falsehoods in the testimony," but fails to offer anything in support of these conclusory statements.

Therefore, after an independent review of the record, the applicable law and Defendant's objections, the Court agrees with Judge Larsen's findings of fact and conclusions of law and accepts his recommendation.

In addition, the Court finds no basis to reopen the suppression hearing and consider additional evidence. While reviewing a magistrate judge's report and recommendation, a district judge has discretion to receive new evidence that is relevant to a suppression motion. United States v. Craft, 30 F.3d 1044 (8th Cir. 1994); see also FED. R. CRIM. P. 59(b)(3) (a district court may "receive further evidence or recommit the matter to the magistrate judge with instructions"). Defendant argues that he, his mother and his girlfriend did not testify at the original suppression hearing. He therefore seeks an opportunity to rebut what he contends are "numerous mistakes" and "outright falsehoods" in the testimony presented at the original hearing. He does not, however, explain what these "mistakes" and "falsehoods" are, nor does he show what new

2

evidence would be presented or how that new evidence would be relevant to this matter. As a result, the Court finds no persuasive reason to receive further evidence.

Accordingly, IT IS ORDERED that:

1. The Report and Recommendation (Doc. 64) is adopted and shall be attached to and made a part of this Order;

2. Defendant's Motion to Suppress Physical Evidence (Doc. 11) is DENIED; and

3. Defendant's Motion to Reopen the Suppression Hearing to Permit Defendant to Testify and to Present Evidence and Testimony of Additional Witnesses (Doc. 95) is DENIED.

SO ORDERED.

Date: October 7, 2015 /s/ Dean Whipple
Dean Whipple
United States District Judge